(74 Misc. Rep. 262.)

STERN et al. v. CARL LAEMMLE MUSIC CO.

(Supreme Court, Special Term, New York County. November, 1911.)

1. LITERARY PROPERTY (§ 1*)—PROTECTION IN EQUITY.

A composer has a property right in an original musical composition, until publication, at common law, which equity will protect, and such right does not depend on the copyright laws of the United States.

[Ed. Note.—For other cases, see Literary Property, Cent. Dig. § 1; Dec. Dig. § 1.*]

2. COURTS (§ 489*)—JURISDICTION—STATE COURTS.

United States courts have not exclusive jurisdiction to entertain a suit to protect a property right in an original musical composition, before publication.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1324–1341, 1372–1374; Dec. Dig. § 489;* Copyrights, Cent. Dig. §§ 49, 67.]

Action by Joseph W. Stern and Edward E. Marks against the Carl Laemmle Music Company. On demurrer to complaint. Sustained.

Theodore B. Richter, for plaintiffs.
Nathaniel A. Elsberg, for defendant.

GOFF, J. "I'll Change the Thorns to Roses" is the title of a song, the music of which is alleged in the complaint to have been composed by Solman and the lyrics written by Lamb. Title to the song is claimed through a contract with Solman, by which plaintiffs acquired the exclusive right to every song composed by him wholly or in part for a certain period of years. Within this period the song was composed, and the defendant, with knowledge of the contract and without plaintiffs' consent, published it. To enjoin and account for the profits this action is brought.

Defendant as a separate defense alleges that it obtained a copyright of the song by applying for it "as proprietor" and by complying with the various provisions of the copyright law. It further alleges that this court has no jurisdiction of the subject of the action, because it is a suit arising under the copyright laws of the United States, of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which the Circuit Courts of the United States have exclusive jurisdiction. To this separate defense plaintiffs demur on the ground that it is insufficient at law.

It will be observed that the complaint does not allege that the composer consented to publication by defendant in any way, an act which would have destroyed plaintiffs' common-law property in the song. Daly v. Walrath, 40 App. Div. 220, 57 N. Y. Supp. 1125. It will also be observed that the separate defense fails to disclose in what manner or through whom defendant became proprietor.

[1] The jurisdiction of the Circuit Courts of the United States in copyright cases is conferred by section 34 of the copyright law (Fed. Stat. Ann. Supp. 1909, pp. 90, 91; Act March 4, 1909, c. 320, 35 Stat. 1084 [U. S. Comp. St. Supp. 1909, p. 1301]), which is in part as follows:

"That all actions, suits or proceedings *arising* under the copyright laws of the United States shall be originally cognizable by the Circuit Courts."

This action does not *arise* under the copyright law, but under the common law, which protects composers in the exclusive use of their original compositions until publication; that is to say, which confers upon composers a property interest in their compositions capable of being sold or assigned. This complaint seeks to protect such a property interest acquired through an equitable assignment by the composer. It contains no allegation that a copyright has been granted. In determining jurisdiction the court's examination is limited to the complaint. There is nothing in this complaint to show that the copyright law is involved.

A similar construction has been given to the removal act (R. S. U. S. Supp. vol. 1, p. 612, § 2):

"Any suit of a civil nature * * * *arising* under the Constitution or laws of the United States * * * may be removed by the defendant to the Circuit Court of the United States. It has been decided that no cause is removable unless the matters which require it are shown on the bill of complaint."

See Walker v. Collins, 167 U. S. 57, 17 Sup. Ct. 738, 42 L. Ed. 76.

So, also, this court, in considering whether or not a federal case had arisen under the copyright law, said (Outcault v. Lamar, 135 App. Div. 110, 119 N. Y. Supp. 930):

"The question as to whether the state court has jurisdiction depends upon the allegations of the complaint, and unless it appears therefrom that the plaintiff seeks to enforce a right based upon the copyright laws of the United States, the federal court would have no jurisdiction of the case in the absence of a diversity of citizenship, and the state courts would have exclusive jurisdiction, even though the answer presents a defense based upon the copyright laws."

There is a very similar case (Hoyt v. Bates [C. C.] 81 Fed. 641) in which defendant made an application for removal from the superior court of Massachusetts. The Circuit Court, to which application was made, summarized the allegations of the complaint as follows:

"It is alleged that the complainant composed a certain song, which was copyrightable, and that the song and the music accompanying it 'became

and are' his property. There is nothing which contains any admission that the complainant ever parted with the presumptive title which these allegations are sufficient to vest in him. The bill further alleges that the respondents, without complainant's knowledge, obtained a copyright for their song in their own name, and that they have no right to ownership in it. The bill assumes that the copyright is valid, and alleges no infringement which can raise any question as to its scope and validity."

The court held:

"On this statement of the pleadings the only issue presented by the bill is one of title, depending on the rules of common law. * * * It has been settled that a suit of that character is not within the class of removable causes."

The application to remove was denied, and the cause was remanded to the state courts.

In the present case, as in Hoyt v. Bates, supra, the question is one of title, depending on the rules of common law. Did plaintiffs or defendant have the common-law property in this song at the time when defendant applied for a copyright? That is the underlying question in this controversy. If title was in plaintiffs, then it was not in defendant. If it was not in defendant when he applied for a copyright, then the federal court has no jurisdiction of the case, because defendant obtained nothing by his application for a copyright. Little v. Hall, 18 How. 165, 15 L. Ed. 328.

[2] If the federal court has no jurisdiction, then there must be jurisdiction in this court; otherwise, no court has jurisdiction. If, on the other hand, plaintiffs had no common-law property in the song, then the complaint must be dismissed because of plaintiffs' inability to make out a cause of action. In such a case dismissal of the complaint will be accomplished without adjudication as to validity of the copyright.

It follows that the court has jurisdiction of whatever facts may develop at the trial under the pleadings. The demurrer is sustained.

Demurrer sustained.